UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

SHEINA PRINCE
    Plaintiff,

vs.

DIVERSIFIED COLLECTION SERVICES, INC.
    Defendant,

Civil Action No.
1:10-cv-12165

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Sheina Prince an individual consumer, against Defendants Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Sheina Prince is a natural person residing in Randolph, Massachusetts.

4. Defendant, Diversified Collection Services, Inc., is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551. The principal

purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6. Defendant constantly and continuously placed excessive collection calls to Plaintiff, including one call which was placed to the Plaintiff before 8 a.m., which is an inconvenient time, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began placing collection calls to Plaintiff in May of 2010.

8. During collection calls, Plaintiff has been told by Defendant, "If this is not taken care of we can do anything from taking away your property, we're looking at your social security number and looking at your co-signor's social security number, and we can garnish you're your wages and we can take your property away," and, "If either of you own a house we can put a lien on your house." Plaintiff has also been told by Defendant that "We can freeze your bank accounts."

9. To date, Defendant has not taken action to garnish Plaintiff's wages or her co-signor's wages, nor has it taken action to take or put a lien on the property of either.

10. To date, Defendant has not taken action to freeze any of Plaintiff's bank accounts.

11. In written material, Plaintiff has been told by Defendant that legal action would be taken against her.

12. During collection calls, Plaintiff has been told by Defendant, "We can take you to court and you will be forced not only to pay our loan back but our legal fees as well."

13. To date, Defendant has not taken Plaintiff to court.

14. As a result of the acts alleged above, Plaintiff suffered severe emotional distress resulting in stress.

## IV.    *CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt before 8 o'clock antemeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction;
>
> (b) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff;
>
> (c) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of any debt, such as the representation or implication that nonpayment of the alleged debt will result in the freezing of Plaintiff's bank account without the intention to take said action;
>
> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff; and
>
> (e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as putting a lien on property of Plaintiff and her co-signor; and
>
> (f) Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff and her co-signor, without intending to take said action.

17. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff Sheina Prince for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## V.   *CLAIM FOR RELIEF*

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. Defendant violated M.G.L.A. 93 § 49. Defendant's violations of M.G.L.A. 93 § 49 include, but are not limited to the following:

(a) Defendant violated M.G.L.A. 93 § 49(c) by calling Plaintiff in connection with the collection of the alleged debt after 8 o'clock antemeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction;

b) Defendant violated M.G.L.A. 93 § 49(c) by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff.

c) Defendant violated M.G.L.A. 93 § 49(c) by using false, deceptive and/or misleading representations or means in connection with the collection of any debt, such as the representation or implication that nonpayment of the alleged debt will result in the garnishment of the wages of both Plaintiff and her co-signor without the intention to take said action.

d) Defendant violated M.G.L.A. 93 § 49(c) by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff.

e) Defendant violated M.G.L.A. 93 § 49(c) by threatening to take action that it did not intend to take, such as putting a lien on properties of Plaintiff and her co-signor.

f) Defendant violated M.G.L.A. 93 § 49(c) by threatening to take action that it did not intend to take, such as the freezing of Plaintiff's bank account.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the above violations of the M.G.L.A. 93 § 49, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of M.G.L.A. 93 § 49.
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Statutory damages pursuant to M.G.L.A. 93 § 49.
E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and M.G.L.A. 93 § 49.
F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,<br>
By: /s/ Derek DePetrillo<br>
Derek DePetrillo<br>
BBO: 670303<br>
Consumer Rights Law Firm<br>
191 Merrimack Street, Suite 302<br>
Haverhill, Massachusetts, 01830<br>
Phone: (603) 685-3323<br>
Fax: (888) 712-4458<br>
Attorney for Plaintiff

***DEMAND FOR JURY TRIAL***
Please take notice that plaintiff Sheina Prince demands trial by jury in this action.